UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| GEORGE L. THOMAS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONSUMER CELLULAR, INC.,<br><br>    Defendant. | Case No. 1:20-cv-00251 |

## CLASS ACTION COMPLAINT

**NOW COMES** GEORGE L. THOMAS, individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of Defendant CONSUMER CELLULAR, INC. as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of*

1

*Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. GEORGE THOMAS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Abilene, Texas.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

10. CONSUMER CELLULAR, INC. ("Defendant") is a wireless service provider that offers its customers low cost non-contract wireless service plans.

11. Defendant maintains its principal place of business in Tigard, Oregon.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9350.

15. At all times relevant, Plaintiff's number ending in 9350 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. In or around September 2020, Plaintiff signed up with Defendant for cellular phone services.

18. At the time Plaintiff signed up with Defendant, he was under the impression that his plan would include talk, text, and data services.

19. Unfortunately, Plaintiff's phone was only able to receive or place calls, and Plaintiff did not have access to data or internet services.

20. In September 2020, after being unable to resolve the data and internet services issue with Defendant, Plaintiff requested cancellation of his service and offered to pay Defendant the outstanding balance on his account.

21. At this time of cancellation, Plaintiff was under the impression that he only owed Defendant the monthly rate of $25.

22. However, Defendant advised Plaintiff that his balance was $52.50 ("subject debt").

23. Plaintiff disputed the balance of the subject debt and only offered to pay the monthly rate of $25.

24. Defendant persisted that the balance of the subject debt was $52.50 and started placing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

25. When Plaintiff answered Defendant's calls, he was met by a lengthy period of dead air and was required to say "hello" numerous times prior to being connected to a live agent.

26. Frustrated with Defendant's attempts to collect more than Plaintiff owed, Plaintiff requested that the collection calls cease.

27. Unfortunately, Defendant continued to place collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

28. Frustrated with the persistence of the unwanted calls, Plaintiff called Defendant on multiple occasions and again requested that the collection calls cease.

29. Despite Plaintiff's requests that Defendant cease its harassing collection calls, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

30. Upon answering some of Defendant's collection calls, Plaintiff was greeted by a prerecorded message stating "this is Consumer Cellular and we are calling to collect a debt."

31. In total, Defendant placed no less than 30 harassing collection calls to Plaintiff's cellular phone, from September 2020 through the present, after Plaintiff initially requested that the calls cease.

32. Defendant's phone calls were placed from various numbers, including the phone number (888) 345-5510.

## DAMAGES

33. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

34. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; the loss of battery charge; and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

35. Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

36. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its harassing conduct.

## CLASS ALLEGATIONS

37. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Classes") defined as follows:

### Prerecorded Call Class

All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) after he/she requested that Defendant cease calls to his/her cellular telephone number; (5) within the four years preceding the date of this complaint through the date of class certification.

### ATDS Class

All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an automatic telephone dialing system; (4) after he/she requested that Defendant cease calls to his/her cellular telephone number; (5) within the four years preceding the date of this complaint through the date of class certification.

39. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors;

(3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.    Numerosity

40.    Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

41.    The exact number of the members of the Putative Classes is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

42.    The members of the Putative Classes are ascertainable because the Classes are defined by reference to objective criteria.

43.    The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B.    Commonality and Predominance

44.    There are many questions of law and fact common to the claims of Plaintiff and the Putative Classes.

45.    Those questions predominate over any questions that may affect individual members of the Putative Classes.

### C.    Typicality

46.    Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as a result of Defendant's conduct.

### D.    Superiority and Manageability

47. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

48. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

49. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

50. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E.   Adequate Representation

51. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

52. Plaintiff has no interests antagonistic to those of the Putative Classes and Defendant has no defenses unique to Plaintiff.

53. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

### CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)**
**(On behalf of Plaintiff and Members of the Putative Classes)**

54. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

55. Defendant placed or caused to be placed no less than 30 non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone utilizing an

artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

56. Defendant placed or caused to be placed no less than 30 non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

57. The TCPA defines ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

58. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

59. Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically.

60. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

61. Defendant violated the TCPA by placing no less than 30 harassing phone calls to Plaintiff's cellular phone using an ATDS and prerecorded voice without Plaintiff's consent.

62. As pled above, Plaintiff revoked consent to be called on his cellular phone during phone calls that he answered and also during calls he placed to Defendant.

63. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

64. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

65. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

66. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Classes, requests the following relief:

a. an order granting certification of the proposed classes, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendant from placing further violating calls to consumers;

d. an award of $500.00 in damages to Plaintiff and the members of the Putative Classes for each such violation;

e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Classes for each such violation; and

f. an award of such other relief as this Court deems just and proper.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)
### (Plaintiff individually)

67. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

68. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

69. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

70. Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff his reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: November 30, 2020            Respectfully submitted,

                                          **GEORGE L. THOMAS**

                                          By: /s/ *Mohammed O. Badwan*

                                          Mohammed O. Badwan, Esq.
                                          *Counsel for Plaintiff*
                                          Sulaiman Law Group, Ltd
                                          2500 S Highland Ave, Suite 200
                                          Lombard, IL 60148
                                          (630) 575-8180
                                          mbadwan@sulaimanlaw.com